lected based upon a weighted score that includes veteran's status. *See* Resp't App. 40 ("To calculate the weighted score, we applied the following formula to the different factors of the score: CIRB (35%) + Objective Criteria (15%) + Interview Questions (35%) + Observation Criteria (15%) = Weighted Score (100%). To determine the final score, we added the Veteran's preference points to the weighted score."). In 2013 there were three PAQ recruitment events.

Here, Mr. Dean did not attend any of the three 2013 PAQ events and asserts it was impossible for him to apply. He also argues that he is entitled to a ten point veteran's preference.

This is not the first case Mr. Dean has had before us. In 2012, Mr. Dean filed essentially the same appeal to the MSPB. *See Dean v. Dep't of the Air Force,* 592 Fed.Appx. 923 (2014). In a non-precedential opinion we affirmed the MSPB's decision, opining that Office of Personnel Management ("OPM") had properly classified the criminal investigator position, including those filled through PAQ, as being excepted from competitive service. *Id.* at 925. We further concluded that the Air Force did not need to widely announce the PAQ positions to the general public as they were excepted from the competitive service. We also opined that because the PAQ program took into account veteran's preference, Mr. Dean had not demonstrated a violation of veteran preference laws or rules. *Id.* at 924, 926.

We may set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The burden of establishing reversible error in a MSPB decision rests upon the petitioner. *Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed.Cir.1998).

Here there is only one legally relevant fact: criminal investigators were approved as an excepted service position by OPM in 2002, and have been renewed each subsequent year. Mr. Dean does not dispute this fact. Furthermore, Mr. Dean does not contest the administrative judge's conclusion that "OPM is authorized and directed to determine finally whether a position is in the competitive service." Resp't App. 15. The numerous statutes and cases that Mr. Dean lists are not relevant and do not apply to the issue before us.

Therefore, as Mr. Dean has failed to carry his burden, we affirm the decision of the MSPB.

**AFFIRMED.**

Jorge A. DELPIN–APONTE, Belinda Echevarria–Torres, Conjugal Partnership Delpin–Echevarria, Noel Concepcion–Rivera, Diana Concepcion, Juan C. Gonzalez–Del–Valle, Edwin Hernandez, Evelyn Hernandez, Samuel A. Hernandez–Algarin, Leslie E. Munoz–Alonso, Conjugal Partnership Hernandez–Munoz, Alberto Ortiz–Torres, Melvin Henry Ramos, Lydia E. Colon–De–Ramos, Conjugal Partnership Ramos–Colon, Davis Rios–Ramos, Irma G. Nieves–Hernandez, Conjugal Partnership Rios–Nieves, Ricardo Rivera–Ortia, Roberto Roderiguez–Maldona-

do, Jorge L. Rosario–Oliveras, Conjugal Partnership Rosario–Vega, Laura I. Vega–Vazquez, Marcelino Velazquez–Olivencia, Adalina Casillas Aponte, Carlos E. Quinones Carrion, Edwin Gutierrez Melendez, Norberto Ramirez Caraballo, Luis Antonio Giron–Cervantes, Plaintiffs–Appellants

v.

UNITED STATES, Defendant–Appellee.

No. 2015–5003.

United States Court of Appeals,
Federal Circuit.

Oct. 9, 2015.

Charles E. Marion, San Juan, PR, argued for plaintiffs-appellants.

P. Davis Oliver, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by Benjamin C. Mizer, Robert E. Kirschman, Jr., Deborah A. Bynum.

CHEN, MAYER, and STOLL, Circuit Judges.

**JUDGMENT**

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

James Edwin BARNARD,
Plaintiff–Appellant

v.

UNITED STATES, Defendant–Appellee.

No. 2015–5081.

United States Court of Appeals,
Federal Circuit.

Oct. 9, 2015.

James Edwin Barnard, Spring, TX, pro se.

Nathanael Yale, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by Benjamin C. Mizer, Robert E. Kirschman, Jr., Franklin E. White, Jr.

Before CHEN, MAYER, and STOLL, Circuit Judges.

PER CURIAM.

James Edwin Barnard appeals from an order of the Court of Federal Claims (Claims Court) dismissing his complaint for lack of subject-matter jurisdiction. Because he made no claim for money damages against the United States as would be required for subject-matter jurisdiction in the Claims Court, we affirm.

BACKGROUND

Mr. Barnard filed a letter and a number of additional documents in the Claims Court. This letter is not styled as a complaint and identifies no legal basis for any relief. It indicates that Mr. Barnard is